**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CMR

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Warren | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. **19   2581** |
| Gantman, et. al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human
 Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     **550** (☒)

| | | |
|---|---|---|
| JUN 1 3 2019 | Dal McGah | |
| **Date** | **Deputy Clerk** | **Attorney for** |
| | | |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

*CMR*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19    2581**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 244, Collegeville, PA 19426 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: *18 - 4921*                Judge: *Rufe*                Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?           Yes ☐   No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?           Yes ☐   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?           Yes ☐   No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?           Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/13/2019__        _David McGrath_        _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.   FELA
- ☐ 3.   Jones Act-Personal Injury
- ☐ 4.   Antitrust
- ☐ 5.   Patent
- ☐ 6.   Labor-Management Relations
- ☑ 7.   Civil Rights     550
- ☐ 8.   Habeas Corpus
- ☐ 9.   Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☐ 11.  All other Federal Question Cases
        *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1.   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☐ 6.   Other Personal Injury *(Please specify):* _____
- ☐ 7.   Products Liability
- ☐ 8.   Products Liability – Asbestos
- ☐ 9.   All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: _____        _____        _____
                              *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL WARREN              : CASE NO. _____
     *Plaintiff,*             :
                            :
     v.                       :
                            :
SUSAN P. GANTMAN, WILLIAM H. PLATT, JACK A. :
PANELLA, ANNE E. LAZARUS, PAULA F. OTT, ALICE :
BECK DUBOW, CAROLYN H. NICHOLS, MARIA     :
MCLAUGHLIN, DEBORAH A. KUNSELMAN, MARY  :
P. MURRAY, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 :
JANE DOE 1, JANE DOE 2, and JANE DOE 3, sued in their :
individual capacities.                     :
     *Defendants.*             :

## <u>COMPLAINT WITH JURY DEMAND</u>

### Introduction

This is a civil rights action filed by Daniel Warren, Plaintiff, a state prisoner, for damages relief under 42 U.S.C. § 1983 for depriving Plaintiff of his appeal which is guaranteed by the Due Process Clause of the 14th Amendemnt to the United States Constitution.

### Jurisdiction

1. This Court has jurisdiction over Plaintiff's claims of violation of federal rights under 42 U.S.C. §§ 1331(1) and 1343.

### Parties

2. The Plaintiff Daniel Warren is an state prisoner incarcerated at SCI Pheonix, 1200 Mokychic Drive, Collegeville, PA 19426.

1

3. Defendant Susan P. Gantman is the President Judge of the Pennsylvania Superior Court for the Eastern District of Pennsylvania and her place of business is 200 Four Falls Corporate Center, Suite 302, Conshocken, PA 19428.

4. Defendant William H. Platt is a Senior Judge on the Pennsylvania Superior Court for the Eastern District of Pennsylvania and his place of business is 530 Walnut Street, Philadelphia PA 19106.

5. Defendant Jack A. Panella is a Judge on the Pennsylvania Superior Court for the Eastern District of Pennsylvania and his place of business is 1 E. Broad Street, Suite 410, Bethlehem, PA 18018.

6. Defendant Anne E. Lazarus is a Judge of the Pennsylvania Superior Court for the Eastern District of Pennsylvania and her place of business is 1700 Market Street, Suite 1440, Philadelphia, PA 19103.

7. Defendant Paula Francisco Ott is a Judge of the Pennsylvania Superior Court for the Eastern District of Pennsylvania and her place of business is 15 W. Gay Street, 3rd Floor, West Chester, PA 19380.

8. Defendants Alice Beck Dubow, Carolyn H. Nichols, Maria McLaughlin, Deborah A. Kunselman and Mary P. Murray are all Judges of the Pennsylvania Superior Court for the Eastern District of Pennsylvania and their place of business is 530 Walnut Street, Philadelphia PA 19106.

9. Defendants John Doe 1, 2, and 3 and Jane Doe 1, 2 and 3 are Judges of the

2

Pennsylvania Superior Court for the Eastern District of Pennsylvania.

10. All of the above Defendants were acting and continue to act under the color of state authority and are all being sued in their individual capacities.

Factual Statements

11. Black's Law Dictionary 8th Edition defines Per Curiam as: By the Court as a whole.

12. On June 26, 2018, Plaintiff filed a notice of appeal from a final order of the Lehigh County Court of Common Pleas in a quo warranto action.

13. On June 26, 2018, the appeal was forwarded to the Pennsylvania Superior Court for the Eastern District of Pennsylvania.

14. On July 9, 2018, all of the Defendants pursuant to their Per Curiam Order in Warren v. Potteiger et al. Case No. 1739 EDA 2018, issued Plaintiff a Rule to Show Cause as follows:

> This appeal taken from an action in quo warranto may be within the exclusive jurisdiction of the Pennsylvania Supreme Court. See Section 722(2) of the Judicial Code, 42 Pa.C.S. § 722(2)(Supreme Court *shall* have *exclusive* jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office).
>
> The appellant is directed to show cause as to why this appeal should not be transferred to the Supreme Court. This response is to be filed with this court within ten days with service upon all interested counsel. Failure to respond to this order within the time specified and as directed may result in transfer of this appeal without further notice. See Appendix 1.

15. Plaintiff could not show that the Superior Court had jurisdiction when the law declared the Supreme Court with exclusive jurisdiction. On August 6, 2018, Plaintiff filed a Motion to Transfer the Appeal. See Appendix 2.

16. On August 8, 2018, all of the Defendants directed the Prothonotary to notice

3

the Plaintiff of a briefing date.

17. On August 23, 2018, Plaintiff filed an Application for Review for a Stay Order and notice all of the Defendants that he believes that a substantial and manifest injustice will be done if the Defendants do not transfer his appeal to the proper jurisdiction, the Supreme Court. See Appendix 3.

18. On September 7, 2018 all of the Defendants pursuant to their Per Curiam Order, discharged the rule to show cause and directed Plaintiff to file a brief. See Appendix 4.

19. Plaintiff filed a Writ of Prohibition to the Supreme Court to exercise its supervisory powers to make sure that inferior courts do not exercise jurisdiction that they do not have.

20. While the Writ of Prohibition was pending in the Supreme Court all of the Defendants pursuant to their Per Curiam Order on October 22, 2018, dimissed Plaintiff's appeal for failure to file a brief. See Appendix 5.

21. On February 4, 2019, Plaintiff filed an Application to Strike Judgment.

22. On lMarch 20, 2019ı, all of the Defendants pursuant to their Per Curiam Order denied Plaintiff's Application to Strike Judgment for failing to file a brief.

23. Plaintiff filed an appeal from a final order from an action in quo warranto from the Lehigh County Court of Common Pleas and it was forwarded to the Pennsylvania Superior Court.

4

24.     On July 7, 2018, all of the Defendants pursuant to their Per Curiam Order in Warren v. Martin et al., Case No.  1739 EDA 2018, issued Plaintiff a Rule to Show Cause as follows:

> This appeal taken from an action in quo warranto may be within the exclusive jurisdiction of the Pennsylvania Supreme Court. See Section 722(2) of the Judicial Code, 42 Pa.C.S. § 722(2) (Supreme Court *shall* have *exclusive* jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office).

> The appellant is directed to show cause as to why this appeal should not be transferred to the Supreme Court. This response is to be filed with this court within ten days with service upon all interested counsel. Failure to respond to this order within the time specified and as directed may result in transfer of this appeal without further notice. See Appendix 6.

25. Plaintiff could not show that the Superior Court had jurisdiction when the law declared the Supreme Court with exclusive jurisdiction. On August 6, 2018, Plaintiff filed a Motion to Transfer Appeal. See Appendix 7.

26. On August 8, 2018, all of the Defendants directed the Prothonotary to notice the Plaintiff of a briefing date.

27. On August 23, 2018, Plaintiff filed an Application for Review for a Stay Order and noticed all of the Defendants that he believes that a substantial and manifest injustice will be done if the Defendants do not transfer his appeal to the proper jurisdiction, the Supreme Court. See Appendix 8.

28. On September 7, 2018, all of the Defendants pursuant to their Per Curiam Order denied Plaintiff's application for stay and transfer of his appeal and ordered Plaintiff to file a brief. See Appendix 9.

29. Plaintiff filed a Writ of Prohibition to the Supreme Court of Pennsylvania to exercise its supervisory powers to make sure that inferior courts do not exercise jurisdiction that they do not have.

30. While the Writ of Prohibition was pending in the Supreme Court all of the Defendants pursuant to their Per Curiam Order on October 3, 2018, dismissed Plaintiff's appeal for failure to file a brief. See Appendix 10.

31. On February 4, 2019, Plaintiff filed an Application to Strike Judgment.

32. On March 20, 2019, all of the Defendants pursuant to their Per Curiam Order denied Plaintiff's Application to Strike Judgment.

### Denial of Due Process

33. All of the Defendants were not authorize nor did they have jurisdiction to entertain Plaintiff's appeal to the denial of a final order from the court of common pleas challenging the right to public office in two different cases.

34. All of the Defendants caused Plaintiff the loss of an opportunity to appeal on October 3, 2018 and on October 22, 2018 for two different cases.

35. All of the Defendants knowingly caused Plaintiff to lose his opportunity to appeal his two different cases on October 3, 2018 and October 22, 2018.

36. The authority exercised by all of the Defendants is an usurpation of authority precluding Plaintiff appellate review in two different cases.

### Claims for Relief

37. The actions of all of the Defendants were in complete absence of all jurisdiction

6

foreclosing appellate review for the Plaintiff in two different case in violation of Plaintiff's

Fourteenth Amendment rights to the United States Constitution.

Relief Requested

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. All of the Defendants actions in Warren v. Potteiger Case No. 1793

   EDA 2018 and Warren v. Martin et al., Case No. 1739 EDA 2018 were in

   complete absence of all jurisdiction.

2. All of the Defendants actions denied Plaintiff an appeal in Warren v. Potteiger

   Case No. 1793 EDA 2018 and Warren v. Martin et al., Case No. 1739 EDA 2018.

B. Issue and Injunction ordering all of the Defendants to:

1. Immediately void their judgments in  et al., Warren v. Potteiger Case No. 1793

   EDA 2018 and Warren v. Martin et al., Case No. 1739 EDA 2018.

C. Award Compensatory damages in the following amounts:

1. $250,000.00 jointly and severally against each individual Defendant named in this

   action for violating Plaintiff's Fourteenth Amendment rights.

D. Award punitive damages in the following amounts:

1. $75,000.00 against each individual Defendant named in this action.

E. Grant such other relief as it may appear that Plaintiff id entitled.

Respectfully submitted,

Daniel Warren, Plaintiff                Dated: June 10, 2019

7

# APPENDICES

Filed 07/09/2018

Daniel Warren                          :        IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                       :
                                       :
        v.                             :
                                       :        (C.P. Lehigh County
                                       :         No. 2017-C-0651)
                                       :
Michael C. Pottieger et al.            :        No. 1793 EDA 2018


## O R D E R


      This appeal taken from an action in *quo warranto* may be within the exclusive jurisdiction of the Pennsylvania Supreme Court. ***See Section 722(2) of the Judicial Code, 42 Pa.C.S. §722(2)***(Supreme Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office).

      The appellant is directed to show cause as to why this appeal should not be transferred to the Supreme Court.   This response is to be filed with this court within ten days with service upon all interested counsel.   Failure to respond to this order within the time specified and as directed may result in transfer of this appeal without further notice.

                                      *Per Curiam*

1

A

IN THE SUPERIOR COURT OF PENNSYLVANIA
Eastern District

DANIEL WARREN  :  NO. 1793 EDA 2018
*Plaintiff*  :
  :  (C.P. Lehigh County No. 2018-C-0942)
vs.  :
  :
MICHAEL C. POTTEIGER et al.,  :
*Defendants*  :

### MOTION TO TRANSFER APPEAL

NOW COMES, appellant Daniel Warren with a Motion to Transfer Appeal for the following reasons:

Appellant is in receipt of an Order from this Court dated July 9, 2018, directing appellant to show cause as to why this appeal should not be transferred to the Supreme Court.

Appellant cannot show cause because the Pennsylvania Supreme Court has exclusive jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office. See 42 Pa.C.S. § 722(2).

WHEREFORE, appellant respectfully requests that this Court transfer this action to the correct jurisdiction in the Supreme Court of Pennsylvania.

By: _____          Dated: _August 6. 2018_
Daniel Warren, Plaintiffs
DV4642
SCI Forest
PO Box 945
Marienville, PA 16239

2

IN THE SUPERIOR COURT OF PENNSYLVANIA
Eastern District

DANIEL WARREN                              :          NO.  1793 EDA 2018
       *Plaintiff*                       :
                                :          (C.P. Lehigh County No. 2017-C-0651)
    vs.                                  :
                                  :
MICHAEL C. POTTEIGER                       :
       *Defendants*                     :

## CERTIFICATE OF SERVICE

I, Daniel Warren, do hereby certify that a true and correct copy of the attached motion were

mailed to the party below by way of first class United States mail:

John C. Manning
1101 South Front Street
Suite 5300
Harrisburg, PA 17104

By: _____          Dated: _Aupst 6, 2018_____
    Daniel Warren, Plaintiffs
    DV4642
    SCI Forest
    PO Box 945
    Marienville, PA 16239

IN THE SUPERIOR COURT OF PENNSYLVANIA
Eastern District

DANIEL WARREN              :     NO. 1793 EDA 2018
     Appellant,          :
                               :
    vs.                     :     (C.P. Lehigh County
                               :     No. 2017-C-0651)

MICHAEL C. POTTEIGER et al.,    :
     Appellee.            :

## APPLICATION FOR REVIEW FOR STAY ORDER

1. This Court has authority to entertain this application pursuant to Pa.R.A.P. 3315.

2. Appellant has taken an appeal to this Court from an action challenging the right to office for the above Appellees from a final order from the Lehigh County Court of Common Pleas.

3. Appellant recieved an order from this Court filed July 10, 2018 for appellant to show cause as to why this appeal should not be transferred to the Supreme Court because this Court does not have jurisdiction.

4. On August 6, 2018, appellant filed a with this Court a Motion to Transfer Appeal to the Supreme Court pusuant to 42 Pa.C.S. § 722(2).

5. The Court has not transferred the action and has sent appellant an order to file a brief in this Court.

6. Appellant is requeesting that the Court grant a supersedeas on this action so that the action can be transferred to the Supreme Court under the correct and proper jurisdiction.

7. Appellant believes and avers that a substantial and manifest injustice will be done if the Court

1

3

does not grant this Application and transfer this action to the proper jurisdiction so as to not constitute an egregious error.

WHERFORE, appellant respectfully reuqets this Court enter an Order superseding the filing of a brief in this action pending transfer of this action to the Supreme Court.

Respectfully submitted,

Daniel Warren, appellant

Dated: _August 23, 2018_

## CERTIFICATE OF SERVICE

I, Daniel Warren do hereby certify that a true and correct copy of this application was mailed by way of first class United States mail to the below person:

John C. Manning
1101 South Front Street
Harrisburg, PA 17120 17104
Counsel for Appellees

Daniel Warren, appellant
DV4642
SCI Forest
PO Box 945
Marienville, PA 16239

Dated: _August 23, 2018_

2

Filed 09/07/2018

| | | |
|---|---|---|
| Daniel Warren | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | (C.P. Lehigh County |
| | : | No. 2017-C-0651) |
| | : | |
| Michael C. Pottieger et al. | : | No. 1793 EDA 2018 |

## O R D E R

This Court issued a rule to show cause order dated July 9, 2018, the rule is discharged and the appeal shall proceed.   The parties are advised that the issue may be revisited by the panel to be assigned to this case, and parties should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning the issue.

*Per Curiam*

B   4

## *Superior Court of Pennsylvania*
## *Eastern District Office*

Daniel Warren, Appellant         :   No. 1793 EDA 2018

           v.                                  :

Michael C. Pottieger, et al.          :

                           :   (C.P. – Civil, Lehigh County
                           :        No. 2017-C-0651


## <u>ORDER</u>


AND NOW, this 22nd day of October, 2018, the within appeal is **DISMISSED** for failure to file a brief.


PER CURIAM

5

Exhibit C.

Daniel Warren            :      IN THE SUPERIOR COURT OF
                          :             PENNSYLVANIA

                          :

            v.              :

                          :      (C.P. Lehigh County
                          :        No. 2017-C-0651)

                          :

Michael C. Pottieger et al.    :      No. 1793 EDA 2018

## O R D E R

      This appeal taken from an action in *quo warranto* may be within the exclusive jurisdiction of the Pennsylvania Supreme Court. ***See Section 722(2) of the Judicial Code, 42 Pa.C.S. §722(2)***(Supreme Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office).

      The appellant is directed to show cause as to why this appeal should not be transferred to the Supreme Court.   This response is to be filed with this court within ten days with service upon all interested counsel.   Failure to respond to this order within the time specified and as directed may result in transfer of this appeal without further notice.

                                    *Per Curiam*

6

A

IN THE SUPERIOR COURT OF PENNSYLVANIA
Eastern District

DANIEL WARREN
*Plaintiff*

vs.

JAMES B. MARTIN et al.,
*Defendants*

:
:
:
:
:
:
:
:

NO. ~~1799~~ 1739 EDA 2018

(C.P. Lehigh County No. 2018-C-0942)

## MOTION TO TRANSFER APPEAL

NOW COMES, appellant Daniel Warren with a Motion to Transfer Appeal for the following reasons:

Appellant is in receipt of an Order from this Court dated July 10, 2018, directing appellant to show cause as to why this appeal should not be transferred to the Supreme Court.

Appellant cannot show cause because the Pennsylvania Supreme Court has exclusive jurisdiction of appeals from final orders of the court of common pleas for cases involving the right to public office. See 42 Pa.C.S. § 722(2).

WHEREFORE, appellant respectfully requests that this Court transfer this action to the correct jurisdiction in the Supreme Court of Pennsylvania.

By: _____
Daniel Warren, Plaintiffs
DV4642
SCI Forest
PO Box 945
Marienville, PA 16239

Dated: _August 6, 2018_____

7

IN THE SUPERIOR COURT OF PENNSYLVANIA
Eastern District

| | | |
|---|---|---|
| DANIEL WARREN | : | NO. 1739 EDA 2018 |
| Appellant, | : | |
| | : | |
| vs. | : | (C.P. Lehigh County |
| | : | No. 2018-C-0942) |
| JAMES B. MARTIN et al., | : | |
| Appellee. | : | |

## APPLICATION FOR REVIEW FOR STAY ORDER

1. This Court has authority to entertain this application pursuant to Pa.R.A.P. 3315.

2. Appellant has taken an appeal to this Court from an action challenging the right to office for the above Appellees from a final order from the Lehigh County Court of Common Pleas.

3. Appellant recieved an order from this Court filed July 10, 2018 for appellant to show cause as to why this appeal should not be transferred to the Supreme Court because this Court does not have jurisdiction.

4. On August 6, 2018, appellant filed a with this Court a Motion to Transfer Appeal to the Supreme Court pusuant to 42 Pa.C.S. § 722(2).

5. The Court has not transferred the action and has sent appellant an order to file a brief in this Court.

6. Appellant is requeesting that the Court grant a supersedeas on this action so that the action can be transferred to the Supreme Court under the correct and proper jurisdiction.

7. Appellant believes and avers that a substantial and manifest injustice will be done if the Court

1

8

does not grant this Application and transfer this action to the proper jurisdiction so as to not constitute an egregious error.

WHERFORE, appellant respectfully reuqets this Court enter an Order superseding the filing of a brief in this action pending transfer of this action to the Supreme Court.

Respectfully submitted,

Daniel Warren, appellant

Dated: August 23, 2018

## CERTIFICATE OF SERVICE

I, Daniel Warren do hereby certify that a true and correct copy of this application was mailed by way of first class United States mail to the below person:

Heather Gallagher
District Attorney's Office
455 West Hamilton Street
Allentown, PA 18101
Counsel for Appellees

Daniel Warren, appellant
DV4642
SCI Forest
PO Box 945
Marienville, PA 16239

Dated: August 23, 2018

2

Case 5:19-cv-02581-CMR   Document 1   Filed 06/13/19   Page 22 of 24

Daniel Warren

                                 :     IN THE SUPERIOR COURT OF
                                                       PENNSYLVANIA

         v.                         :     (C.P. Lehigh County
                                          No. 2018-C-0942)

James B. Martin et al.           :     No. 1739 EDA 2018

## O R D E R

Upon consideration of the appellant's application to transfer appeal and application for stay, the applications are is hereby **DENIED** without prejudice to the moving parties' right to again raise this issue, if properly preserved, in a new application that may be filed after the appeals have been assigned to the panel of this Court that will decide the merits of the appeal.

*Per Curiam*

B

9

# Superior Court of Pennsylvania
# Philadelphia Office


Darren Warren          :   No. 1739 EDA 2018
Appellant             :
                           :
v.                 ::
                           :   (C.P. Civil, Lehigh County
James B. Martin, et al      :     2018-C-0942)


## ORDER


AND NOW, this 3rd day of October, 2018, counsel having failed to file a Brief for Appellant, the appeal is **DISMISSED**.

If counsel is court-appointed *, the trial court is directed to withhold counsel fees pertaining to this appeal.

Counsel for appellant is directed to file with this court, within 10 days, a certification that the client has been notified of this dismissal. Failure to comply may result in referral to the Disciplinary Board.


                                 **PER CURIAM**


10

Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIEL WARREN,                                                    :          CASE NO. _____
    *Plaintiff,*                                              :
                                                             :
    v.                                                      :
                                                             :
SUSAN P. GANTMAN, WILLIAM H. PLATT, JACK A.  :
PANELLA, ANNE E. LAZARUS, PAULA F. OTT, ALICE :
BECK DUBOW, CAROLYN H. NICHOLS, MARIA        :
MCLAUGHLIN, DEBORAH A. KUNSELMAN, MARY       :
P. MURRAY, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 :
JANE DOE 1, JANE DOE 2, and  JANE DOE 3 sued in their :
individual capacities.                                           :
    *Defendants.*                                            :

## AFFIDAVIT OF AFFIRMANCE

I, Daniel Warren, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury that the

foregoing statements, averments, documents and facts et forth in this civil complaint are true and

correct to the best of my knowledge, information and belief.

Respectfully submitted

_____          Dated: _____
Daniel Warren, Plaintiff
NL6620
SCI Pheonix
1200 Mokychic Drive
Collegeville, PA 19426